UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABOVEGEM, INC.,<br>　　　　Plaintiff,<br>　　v.<br>ORGANO GOLD MANAGEMENT, LIMITED, et al.,<br>　　　　Defendants. | Case No. 19-cv-04789-PJH<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

Plaintiff AboveGEM, Inc.'s ("AboveGEM") motion for a temporary restraining order ("TRO") came on for hearing before this court on August 16, 2019. Plaintiff appeared through its counsel, Gautam Dutta. Defendant Organo Gold Int'l, Inc. ("OG Int'l") appeared through its counsel, Lawrence Bruce Steinberg. Defendants Organo Gold Management, Limited ("OG Management") and Organo Gold Holdings, Limited ("OG Holdings") (together, the "Hong Kong Defendants") did not appear. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion, for the following reasons.

**BACKGROUND**

Plaintiff filed the complaint originating this action on August 14, 2019. Dkt. 1. Plaintiff has not yet served any defendant with the complaint, summons, or any of the other required materials.

Plaintiff's complaint alleges three "counts." First, plaintiff alleges that the Hong Kong Defendants breached a contract they had entered into with plaintiff by failing to

1    make timely payments to plaintiff in accordance with the schedule specified in the
2    contract. Second, plaintiff alleges that the Hong Kong Defendants violated the California
3    Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. Plaintiff does not raise
4    the UCL violation as a justification for a TRO. Third, plaintiff alleges a "constructive trust"
5    against all defendants. The constructive trust count alleges that "AboveGEM has a right
6    to the *res* at issue: the entirety of the remaining amount due ($319,028) under the
7    Agreement." Dkt. 1 at 6 ¶ 48. In support of that count, plaintiff alleges only that the Hong
8    Kong Defendants owe it money damages for their breach of contract, and that "OG Int'l –
9    an American subsidiary of OG Management – actively participated in and financially
10   benefited from OG Management's and OG Holdings' wrongful detention of the res." Id. at
11   7 ¶ 49.
12        On August 14, 2019, plaintiff moved for a temporary restraining order, seeking an
13   order from this court freezing "all bank accounts controlled by" each of the defendants as
14   well as "all inventory currently stored at a warehouse, controlled by OG Management and
15   used by OG Int'l, located at 5505 Hovander Road, Ferndale, Washington[.]" Dkt. 2 at 1.
16   In its motion, plaintiff argues that good cause exists to issue a TRO without notice to any
17   defendant. On the same day, this court issued an order requiring plaintiff to deliver notice
18   of the motion to defendants and setting a briefing schedule and hearing. Defendant OG
19   Int'l filed an opposition and made an appearance at the hearing.

**DISCUSSION**

**A.    Legal Standard**

22        Federal Rule of Civil Procedure 65 provides federal courts with the authority to
23   issue temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65(a)–(b).
24   Generally, the purpose of a preliminary injunction is to preserve the status quo and the
25   rights of the parties until a final judgment on the merits can be rendered (see U.S. Philips
26   Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010)), while the purpose of a
27   temporary restraining order is to preserve the status quo before a preliminary injunction
28   hearing may be held (see Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto

Truck Drivers, 415 U.S. 423, 439 (1974)).

Requests for temporary restraining orders are governed by the same general legal standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); see also Munaf v. Geren, 553 U.S. 674, 689–90 (2008). A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam).

"A plaintiff seeking a preliminary injunction must establish that [1] he is likely to succeed on the merits, that [2] he is likely to suffer irreparable harm in the absence of preliminary relief, that [3] the balance of equities tips in his favor, and that [4] an injunction is in the public interest." Winter, 555 U.S. at 20.

Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135; see also Disney Enterprises, Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017).

**B.  Analysis**

Plaintiff argues that its motion satisfies both the Winter and the alternate "serious questions" standards for issuing a temporary restraining order.

**1.  The Hong Kong Defendants Have Not Been Served**

As an initial matter, the court notes that the Hong Kong Defendants have not been

3

1 served with a summons, the complaint, the required supplemental materials, or the
2 pending TRO motion. Plaintiff's counsel avers that he "served" some of those materials
3 "by electronic mail pursuant to FRCP 5" on Patrick Miranda, Awie Kardiman, and Paul
4 Caldwell on August 14, 2019. Dkt. 12. Even assuming that those three individuals are
5 competent to accept service on behalf of the Hong Kong Defendants, plaintiff's counsel
6 explained at the hearing that the Hong Kong Defendants had not consented in writing to
7 accept service by email or other electronic means. As such, plaintiff has not effected
8 service on the Hong Kong Defendants. See Fed. R. Civ. P. 5(b)(2)(E).

This court declines to award the drastic relief plaintiff seeks—freezing "all bank accounts" and all inventory at a warehouse—against defendants who have not been served with any case materials and have not made an appearance.

### 2. Whether Plaintiff Satisfies the Winter Inquiry

A plaintiff seeking a TRO must establish that "[1] he is likely to succeed on the merits, that [2] he is likely to suffer irreparable harm in the absence of preliminary relief, that [3] the balance of equities tips in his favor, and that [4] an injunction is in the public interest." Winter, 555 U.S. at 20.

#### a. Whether Plaintiff Is Likely to Succeed On the Merits

Plaintiff argues that it is likely to prevail on its claim for breach of contract (count 1, alleged against the Hong Kong Defendants) because they have failed to make contractually-required payments. Plaintiff next appears to argue that after prevailing on its breach of contract claim against the Hong Kong Defendants, it will prevail on its attempt to seek relief against OG Int'l in the form of imposing a constructive trust.

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011).

Plaintiff has submitted a copy of the alleged contract, which appears to have been entered into by OG Management, OG Holdings, and AboveGEM in November 2018. The

1 contract calls for OG Management to make payments to plaintiff and for OG Holdings to
2 serve as guarantor for those payments. Plaintiff has demonstrated that OG
3 Management, and later OG Holdings, missed contractually-required payments. Given
4 plaintiff's allegations and submitted materials, plaintiff has demonstrated that it is likely to
5 succeed on the merits of its breach of contract claim.

Plaintiff next argues that it is likely to succeed on the merits for its "claim for Constructive Trust." Dkt. 2 at 13. As an initial matter, the court notes that "a constructive trust is a remedial device, not a substantive claim on which to base recovery[.]" Lund v. Albrecht, 936 F.2d 459, 464 (9th Cir. 1991); see also Stansfield v. Starkey, 220 Cal. App. 3d 59, 76 (1990) ("[A]ppellants alleged, as causes of action, a resulting trust and a constructive trust. But neither is a cause of action, only a remedy.") (citation omitted). As such, plaintiff is not likely to succeed on the merits of its "claim" for a constructive trust, which is the only "claim" asserted against OG Int'l.

The court next considers whether plaintiff is likely to secure the remedy of a constructive trust imposed on property held by OG Int'l, based on plaintiff's claim for breach of contract against the Hong Kong Defendants. "A constructive trust is an involuntary equitable trust created by operation of law as a remedy to compel the transfer of property from the person wrongfully holding it to the rightful owner." Burlesci v. Peterson, 68 Cal. App. 4th 1062, 1069 (1998).

Assuming without deciding that a constructive trust could be a proper remedy for a breach of contract claim, "a constructive trust may only be imposed where the following three conditions are satisfied: (1) the existence of a res (property or some interest in property); (2) the right of a complaining party to that res; and (3) some wrongful acquisition or detention of the res by another party who is not entitled to it." Id. at 1069. Plaintiff must demonstrate "money or property identified as belonging in good conscience to the plaintiff which can clearly be traced to particular funds or property in the defendant's possession." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1150 (2003). A constructive trust is available where the specific res or funds can be

5

identified, "but not where the plaintiff seeks to impose general personal liability as a remedy for the defendant's monetary obligations." Honolulu Joint Apprenticeship and Training Committee of United Ass'n Local Union No. 675 v. Foster, 332 F.3d 1234, 1238 (9th Cir. 2003).

With respect to its pending motion, plaintiff has not sufficiently demonstrated that it is likely to obtain this equitable remedy because it has not shown that it has a right to any particular property wrongfully held by OG Int'l. Plaintiff argues that the Hong Kong Defendants owe it money damages for their breach of a contract, and in turn plaintiff points to money and property it alleges a third party obtained from the Hong Kong Defendants in the course of their business dealings.[1] But identifying a party that received funds from one who breached a contract is not sufficient to impose a constructive trust. In short, "the restitution it seeks must be equitable. It is not. . . . There is no indication that the funds are specific or identifiable, or that [plaintiff] seeks anything other than monetary compensation on a breach of contract claim." Id.

### b. Irreparable Harm

Plaintiff first argues that it will be irreparably harmed because OG Management is likely to sell its inventory on August 15, 2019, and the sales proceeds will take only a few days to process. Second, plaintiff argues that it is "last in line" as a creditor of OG Management—and presumably that OG Management owes more money than it has available—so plaintiff is unlikely to be paid. Third, plaintiff argues that if it is not paid quickly, it may not be able to continue as a going concern.

First, plaintiff did not seek relief in time to address its concern about sales occurring on August 15, 2019. Although it learned of all the relevant facts "last Friday,"[2] it

---

[1] Plaintiff's complaint asserts a constructive trust should be imposed with respect to the *res* of $319,028. Dkt. 1 at 6 ¶ 48. The motion changes tack and speculates that "it is highly likely that OG Management used some, if not all, of the money that it wrongfully withheld from AboveGEM in order to purchase inventory (worth at least $800,000) that is currently stored at the Ferndale, Wash. warehouse. By the same token, it is highly likely that OG Int'l used some of the money that its parent company (OG Management) wrongfully withheld from AboveGEM." Dkt. 2 at 14.
[2] It is unclear whether plaintiff is referring to August 2 or August 9. See Dkt. 2 at 2, 4, 9

6

waited until the afternoon of August 14 to file its motion—fewer than 24 hours before it would allegedly suffer irreparable harm. See Dkt. 2-5 at 5 ("we respectfully ask the Court to issue a ruling by Aug. 15, 2019, 11:30 am"). Therefore, plaintiff's arguments regarding sales on August 15 do not support a finding of irreparable harm absent injunctive relief at this time. Moreover, it is unclear how OG Management's sale of inventory would cause plaintiff irreparable harm. Plaintiff's breach of contract claim at bottom seeks damages. OG Management's sale of inventory would convert goods into currency, but it is unclear how it would negatively affect OG Management's ability to pay damages.

Second, plaintiff's argument that it is "last in line" as a creditor appears to be no more than speculation that defendants might choose to use their funds for purposes other than paying plaintiff. In particular, plaintiff identifies certain of defendants' other alleged business debts that it suspects defendants may be more keen on repaying. But that does not distinguish this action from any other suit for damages—the defendant may not have sufficient liquid assets to fully satisfy a judgment. Plaintiff cites no authority indicating that this constitutes irreparable harm supporting freezing assets, and it has not satisfied its burden to show that its fears are more than speculative. See generally In re Excel Innovations, Inc., 502 F.3d 1086, 1098 (9th Cir. 2007) ("Speculative injury cannot be the basis for a finding of irreparable harm.").

Third, plaintiff argues that its business may dissolve if it cannot recover "speedily." Although "[m]onetary damages are not usually sufficient to establish irreparable harm[,] . . . . [t]he threat of being driven out of business is sufficient to establish irreparable harm." Am. Passage Media Corp. v. Cass Commc'ns, Inc., 750 F.2d 1470, 1473–74 (9th Cir. 1985). However, statements that a company has "sustained large losses" in the past and "forecast[s] large losses again" in the future "are insufficient evidence that [plaintiff] is threatened with extinction." Id. at 1474.

Here, plaintiff's co-founder avers that the company had been "growing rapidly" until

---

(referring to "Oct. 9, 2019"), 15, 16.

November 2018 (Dkt. 2-1 ¶ 4), but following the alleged breach plaintiff has laid off portions of its overseas and domestic workforce and "continues to suffer from negative cash flow" (id. ¶¶ 33–34). Plaintiff's clearest statement about its future survival is that it "may not be able to continue as a going concern" if it cannot "speedily recover" the amount it believes it is owed. Id. This showing is insufficient to establish irreparable harm. The co-founder's statement that plaintiff "may" not be able to continue is inherently speculative. See In re Excel Innovations, Inc., 502 F.3d at 1098 ("Speculative injury cannot be the basis for a finding of irreparable harm."). Moreover, plaintiff does not offer any indication of when it would be driven out of business, or underlying financial information that would demonstrate imminent, irreparable harm. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."); see also Int'l Medcom, Inc. v. S.E. Int'l, Inc., Case No. 15-cv-03839-HSG, 2015 WL 7753267, at *5 (N.D. Cal. Dec. 2, 2015) (no irreparable harm where "the record does not contain non-conclusory evidence sufficient to establish that (1) [plaintiff's] survival is a matter of weeks or months, (2) [defendant] caused [plaintiff's] financial troubles, and (3) if Plaintiff is ultimately successful, compensatory damages and injunctive relief would be inadequate").

Because plaintiff fails to demonstrate likelihood of success on the merits against OG Int'l and that it would suffer irreparable harm absent injunctive relief, the court does not address the remaining Winter factors.

**2. Whether Plaintiff Satisfies the Alternate "Serious Questions" Inquiry**

**a. Serious Questions Going to the Merits**

Plaintiff raises serious questions going to the merits with respect to his breach of contract claim against the Hong Kong Defendants, but not with respect to the remedy of constructive trust against OG Int'l, for the reasons discussed above.

**b. Irreparable Harm**

8

Plaintiff has not demonstrated it is likely to suffer irreparable harm in the absence of preliminary relief, for the reasons discussed above.

Because plaintiff fails to demonstrate that there are serious questions going to the merits with respect to OG Int'l and that it would suffer irreparable harm absent injunctive relief, the court does not address the remaining factors.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a temporary restraining order is DENIED. Plaintiff may file a motion for a preliminary injunction and notice it for hearing according to the Civil Local Rules, on a 35-day briefing schedule.

**IT IS SO ORDERED.**

Dated: August 16, 2019

PHYLLIS J. HAMILTON
United States District Judge